HAWTHORNE, Justice
 

 (dissenting).
 

 In my opinion the ruling of the trial judge overruling the plea of prescription is correct. As long as the district judge had under advisement the defendant’s application for a bill of particulars, the State could not proceed to trial. The law could not contemplate imposing a duty on the State to try a defendant when in law it was impossible for the State to proceed because of a procedural move of that defendant. It is true that the Constitution guarantees to the accused in criminal cases a speedy trial, and it is equally true that the law of this state places upon the district attorney the duty of trying an accused within three years, but it was never intended that the delay of the judiciary in passing on a plea of the accused could be considered as delay by the district attorney to deprive the accused of a speedy trial. The application of the defendant for a bill of particulars was a dilatory plea which operated to delay his trial and places this case in the exceptions to Article 8 of the Code of Criminal Procedure, so that the accused was not entitled to have the indictment nol-prossed.
 

 The effect of the reasoning in the majority opinion is far-reaching, and in my opinion places a duty and responsibility on the district attorney which the law never intended. Numerous examples could be set out wherein an accuáed might
 
 *43
 
 not be brought to trial within three years, and the State would not be responsible for the delay, but one example will suffice to illustrate the point. Let us assume that an accused is successful in having an indictment quashed within the three-year period; that the State appeals, as it has a right to do, just as the accused had the right to apply for a bill of particulars in the instant case; that, because of the delay for the appeal to be heard and the delay during which this court keeps the case under advisement, the decision reversing the district court is not rendered until after the three-year period. By the decision in the instant case the district attorney could be compelled, and it would be his duty, to nol-pros the indictment. If the delay caused by the district judge’s having a pre-trial matter under advisement can be counted in computing the three-year period, the delay caused by the Supreme Court’s having the matter under advisement can also be counted.
 

 The view taken by this court in State v. Theard, 203 La. 1026, 14 So.2d 824, if applied here, would better promote the ends of justice. In that case the accused could not be tried because he had been committed to an institution on the plea of present insanity. After three years, upon regaining his sanity, the defendant moved that the bill of information be nol-prossed. This court held that the State could not be compelled to nol-pros the information because it had been prohibited by law from bringing the accused to trial. This reasoning is equally applicable to this case, for here the State has been prevented by a plea of the defendant from bringing him to trial.
 

 The judiciary should protect and defend at all times the right of an accused to a speedy trial, but at the same time the interest of the State and the public generally in apprehending and punishing criminals should not be disregarded.
 

 I respectfully dissent.